

**SIGNED this 10 day of October, 2007.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 06-11860<br>CHAPTER 7 |
| MARIA ESPERANZA SILVEY, | |
|     Debtor; | |
| JERROLD D. FARINASH, Trustee, | |
|     Plaintiff, | |
| v. | Adv. Pro. No. 06-1147 |
| DARREL CROW SILVEY, and<br>SILVEY SHEET METAL COMPANY, | |
|     Defendants. | |

Appearances:    Jerrold D. Farinash and Jason D. Demastus, Kennedy, Koontz and Farinash, Chattanooga, Tennessee, for the Plaintiff

Thomas E. Ray, Samples, Jennings, Ray & Clem, Chattanooga, Tennessee, for the Defendants

The Honorable R. Thomas Stinnett
United States Bankruptcy Judge

### MEMORANDUM

The plaintiff is the bankruptcy trustee in the case of Maria Esperanza Silvey, the wife of the defendant, Darrel Silvey. The other defendant, Silvey Sheet Metal, is Mr. Silvey's company. Before the debtor married Mr. Silvey, she was the sole owner of some real property where she operated a business. A few months after marrying Mr. Silvey, the debtor executed and recorded a deed making her and Mr. Silvey owners of the real property as tenants by the entirety. That was almost two years before the debtor filed her bankruptcy case. The trustee's complaint alleges the debtor's transfer to Mr. Silvey to create the tenancy by the entirety was a fraud on her creditors. The trustee seeks to recover damages.

This opinion concerns a dispute between the trustee and the defendants over the defendants' responses to the trustee's requests for admissions. The trustee has filed a motion asserting that many of the responses were not sufficient under the rules. Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36(a). The trustee's motion asks the court to treat the matters set forth in those requests as admitted. In the alternative, the court can require the defendants to file sufficient responses. The court may refer to the trustee's motion as a motion to compel.

Rule 36 provides:

> If objection is made [to a request to admit], the reasons therefore shall be stated. The answer shall specifically deny the matter [set out in the request] or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter . . . , the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed. R. Bankr. P. 7036; Fed. R. Civ. P. 36(a).

The court begins with the requests 9 and 10 and the defendants' responses.

9.

Request: There have been 9 claims filed in this matter.

Response: Neither admitted nor denied. The claims register speaks for itself.

10.

Request: The total claims filed in this matter are $42,004.20

Response: Neither admitted nor denied. The claims register speaks for itself.

Rule 36 required the defendants to admit or deny the request if they could determine its accuracy from information known to them or readily obtainable as the result of a reasonable inquiry. The defendants' responses do not assert that the claims register is not within their knowledge and not readily obtainable by making a reasonable inquiry. The court assumes the defendants either have an accurate copy of the claims register or can obtain one by making reasonable inquiry.

The defendants' brief explains the "speaks for itself" response as meaning they have no objection to admissibility of the claims register itself at the trial and would have admitted the genuineness of the claims register if that had been the point of the request. This argument amounts to criticizing the use of the requests to admit as a method of eliminating issues of fact before the trial. The elimination of fact issues that would otherwise require proof at the trial is the primary purpose of a request to admit. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S. D. N. Y. 1997); 8A Charles A. Wright, et al., *Federal Practice and Procedure 2d* § 2252. The defendants' point is that the requests will not necessarily eliminate issues of fact from the trial because the number and amount of the claims may change after their response but before the trial. The defendants suggest it would be easier to submit the claims register at the time of the trial with the defendants' admission of genuineness.

Requests 9 and 10 deal with relevant facts that need to be proved either before or during the trial. The requests and the responses *could* eliminate the need to prove the facts at trial.

The availability of a different method of proof that might be more efficient is not necessarily a ground for refusing to admit or deny the requests. This is especially true if an admission would have been easy. In that situation the refusal to admit or deny is overly technical. It wastes the court's time and the parties' time compared to a simple admission with the explanation that it applies as of a certain date.

A related problem is the failure of the request to set a date for the defendants to determine the number and amount of the claims. Without a date restriction in the request, the defendants can still qualify their responses by stating that they apply as of a certain date after the request and on or before the date of the response. *United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675 (E. D. Cal. 2006) (duty to respond without being too technical).

As to both of these problems, the rules of procedure may require a response to be amended in light of subsequent changes in the facts dealt with by the request to admit. Fed. R. Bankr. P. 7026; Fed. R. Civ. P. 26(e)(2).

This leaves the defendants' argument that they do not have a duty to "vouch for" the number of claims or add them up. The requests do not ask the defendants to admit that each claim is enforceable for the amount stated in the proof of claim. They only ask for the number of claims filed and the total. The defendants will not be vouching for anything. Counting the number of claims and adding them up cannot be too great a burden for the defendants since they have the claims register or it is readily obtainable. These tasks do not involve searching numerous documents or analyzing a complicated document. *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (W. D. N. Y. 2003). The number and amount of the filed claims should be obvious from the claims register.

The court will order the defendants to file a response admitting or denying the request unless they have other valid grounds for objecting. In this regard, the defendants cannot assert lack of knowledge or that the claims register is not readily obtainable by them as the result of a reasonable inquiry.

11.

Request: Of the claims filed, $39,283.91 is owed to the Debtor's ex-husband (Claim #1 filed by Clifford C. Duke) as the result of a division of property in a Marital Dissolution Agreement.

Response: Denied. The claim is not based on "division of property."

12.

Request: The claim of Clifford C. Duke is valid and not subject to objection by the Trustee or the Debtor.

Response: Neither admitted nor denied. The Defendant has not made a calculation of the amount owed nor is a payment history attached.

Taken together, the defendants' responses admit that the debtor's ex-husband has a valid claim in some amount arising from the divorce decree and marital dissolution agreement, but they deny that the claim arose from a division of property, and they deny that the amount is correct and not subject to objection. The question, then, is whether the defendants made a sufficient response as to the amount of the claim.

The defendants argue that the proof of claim and the request to admit fail to reveal how the amount was calculated, and they do not have a duty to make their own calculation based on other information. In other words, the defendants argue that they do not have a duty to inquire of the debtor, the wife of defendant Mr. Silvey, for the purpose of responding to the request.

A party generally must inquire of persons or entities subject to its control, such as employees, who are likely to have the needed information. *United States ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675 (E. D. Cal. 2006); *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S. D. N. Y. 1997). The court will not assume that Mr. Silvey has control over the debtor, his wife, in the same sense. In some situations, a party may have a duty to inquire of another person who is not within its control but is a party to the litigation. *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250 (C. D. Cal. 2006). In a few cases, a party may be required to inquire of someone who is not subject to its control in the usual sense and is not a party to the

litigation. *Uniden America Corp. v. Ericsson*, 181 F.R.D. 302 (M. D. N. C. 1998). The question is whether this adversary proceeding fits within that narrow range of cases.

The debtor is not a defendant because the trustee does not need her as a defendant. If the trustee sought to avoid the transfer and recover the property, he would not be required to sue the debtor. Likewise, he can prove the transfer is avoidable for the purpose of recovering damages from the defendants without including the debtor as a defendant. *Buffington v. Harvey*, 95 U.S. 99, 24 L.Ed. 381 (1877); *Cox v. Wall*, 99 F. 546 (W. D. N. C. 1900); 11 U.S.C. § 541(a)(3) & § 522(g). Even if the debtor were a defendant, the trustee probably could not obtain a judgment against her for damages caused by the alleged fraudulent transfer. The debtor's discharge has not been denied as in *Kaler v. McLaren (In re McLaren)*, 236 B.R. 882 (Bankr. D. N. D. 1999); 11 U.S.C. § 101(5), (12) (claim & debt defined); 11 U.S.C. §§ 727(b) & 524(a) (scope of discharge). Section 550 of the bankruptcy code does not provide that a bankruptcy trustee who relies on state law to attack a transfer has all the remedies available to a creditor under state law. 11 U.S.C. § 550.

The debtor apparently made the transfer to Mr. Silvey not only for his benefit but also for her benefit. She would obviously prefer a decision by the court that the transfer is not avoidable and the defendants are not liable for damages. The debtor's interests coincide with the defendants' interests. The debtor is and will be a participant in the litigation without being a party. Mr. Silvey should easily be able to inquire of the debtor since she is his wife, and the inquiry is likely to be fruitful for the purpose of responding to the request. The court sees no adverse interest between them. This is true even though the debtor may be one of the trustee's main witnesses. That is typical of fraudulent transfer cases; it does not mean the debtor has an interest adverse to the defendants. The court concludes that requiring Mr. Silvey to inquire of the debtor is reasonable in the circumstances.

If the request to admit is not amended to show how the amount was calculated, the defendants' response, even after an inquiry to the debtor, may not reveal the reasons for a disagreement over the amount, if there is one. To avoid this problem, the court will allow the trustee to submit a new request that reveals how the amount was calculated, and the defendants shall

respond on the basis of information known to them or readily obtainable as the result of an inquiry to the debtor.

13.

Request: The Petition for Divorce that is the basis of Claim #1 was filed in the Circuit Court for Hamilton County on September 8, 2003.

Response: Neither admitted nor denied. The Defendant has no knowledge of the divorce proceedings of the Debtor and her ex-husband.

This response is surprising since the defendants have admitted the date of the divorce complaint in response to the trustee's motion for summary judgment. Obviously, they have some knowledge of the divorce proceedings. The response is not adequate because it fails to state that the information is not readily obtainable by the defendants after making reasonable inquiry. Again, a reasonable inquiry would include an inquiry to the debtor. The court will order that the matter be deemed admitted.

15.

Request: On or about May 19, 2004 Mr. Duke's attorney, Katherine White sent a letter to Bert Bates, the attorney who the Debtor hired to handle the divorce threatening suit and suggesting that she use the property in question to obtain a loan to pay him.

Response: Denied. The letter makes no reference to payment of the loan owed to Mr. Duke.

16.

Request: The Debtor received the letter set forth in Request to Admit # 15 on or before May 26, 2004.

Response: Neither admitted nor denied. The Defendant has no knowledge as to when, or if, the Debtor received such letter referred to in request number 15.

The second sentence of the response to request 15 fails to address the substance of the request since the request makes no reference to payment of a loan debt to the debtor's ex-husband. The trustee has

not challenged the response, however, probably because it is at least a clear denial. In any event, the court included request 15 and the response because they are necessary to understand the trustee's problem with the defendants' response to request 16.

The response to request 16 does not comply with the rule because it does not state that the information was not readily obtainable by the defendants after a reasonable inquiry. Nevertheless, the defendants' brief adds to the response. According to the brief, the defendants asked the debtor about the letter, and she admitted receiving it, but she could not say exactly when she received it or if she received it before a certain date. The court will treat the statement in the brief as a sufficient response. It is an admission that the debtor received the letter, but a denial that she received it on or before May 26, 2004.

18.

Request: On August 2, 2004 the Debtor ordered the Deed wherein she created a tenancy by the entireties with Darrel Crow Silvey which was recorded on or about August 12, 2004.

Response: Neither admitted nor denied. The Defendant has no knowledge as to when the Debtor ordered the deed that was apparently recorded on August 12, 2004. The Defendant had no knowledge of the deed being recorded.

20.

Request: The deed set forth in Request to Admit # 18 was recorded in the Register's Office of Hamilton County, Tennessee, on August 12, 2004.

Response: Denied. No deed is set forth in # 18. It is unknown whether a deed was ordered on August 2, 2004. Therefore, it is impossible to know whether such deed was the same deed that was recorded on August 12, 2004. The Defendant did later learn that there was a deed recorded on August 12, 2004.

21.

Request: At the time of the recording of the Deed set forth in Request to Admit # 18, the outstanding combined debt on both parcels of property was approximately $135,971.10, total.

Response: Denied.

22.

Request: Another copy of the Deed set forth in Request to Admit # 18 was recorded again on September 13, 2004 in the Register's Office of Hamilton County, Tennessee.

Response: It is admitted that a deed was recorded on September 13, 2004 and appears to be the same deed that was previously recorded on August 12, 2004. With regard to the reference to request number 18 the Defendant is unable to determine if that is the same deed.

The trustee could have started this series of requests with the deed that was actually recorded on August 12, 2004. That approach would have allowed the defendants to admit more in the responses to requests 20, 21, and 22. The defendants admit the execution of a deed to Mr. Silvey to create the tenancy by the entirety and the recording of the deed on August 12 and September 13, 2004. The problem with requests 20, 21, and 22 is the assumption that the deed ordered by the debtor – the deed referred to in request 18 -- was the same deed. Since the defendants did not admit request 18, they could not admit requests 20, 21, and 22.

The defendants' responses to requests 20, 21, and 22 leave no doubt that they are based on the defendants' refusal to admit request 18. Their responses to requests 20 and 22 admitted essentially the same facts they admitted in their answer to the complaint. This prevents those responses from being condemned as overly technical. They leave no doubt that the real problem is with request 18.

The response to request 21 does not pass the test of whether it was overly technical. The request was obviously aimed at settling the approximate amount due on debts secured by the real property when the deed that made Mr. Silvey a tenant by the entireties was first recorded on August 12, 2004. The court will deem request 21 to be admitted.

The key question, then, is whether the defendants' response to request 18 complies with the rules. The defendants' brief states that the request is apparently based on the affidavit by Bill Jones of Pioneer Title Company, but they "have no basis to know when the title was ordered." The response fails to state that the information was not readily obtainable by making a reasonable inquiry.

The duty to make a reasonable inquiry required Mr. Silvey to ask the debtor. The debtor may or may not recall the exact date she asked someone to prepare the deed, but she is likely to know whether the deed she ordered was the same deed actually executed and recorded. With any kind of answer from the debtor, the defendants' response should reveal the presence or absence of disputes over relevant facts. The court is assuming that the exact date in August when the debtor ordered the deed is relevant to the trustee's allegations of intentional fraud. The court will order the defendants to file a sufficient response to request 18, after making an inquiry to the debtor, and if necessary, they should amend their responses to requests 20 and 22.

23.

> Request: Between the time of her first payment to Clifford Duke called for in the parties' divorce and the month of her marriage to Darrel Crow Silvey, the Debtor's payments to Clifford Duke were regular and timely.
>
> Response: Neither admitted nor denied. The Defendant is unable to determine the accuracy of this request. The term "regular and timely" is not defined or understood. No history of payments is provided.

The trustee could have accomplished the aim of this request by asking the defendants to admit basic facts. For example, they could have been asked to admit that the debtor owed a monthly payment for January 2004 and she made the payment in January 2004 or whenever she actually made the payment. This kind of request could have been repeated for each relevant month.

The court agrees with the defendants that "regular and timely" is unclear and justifies their response. *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (W. D. N. Y. 2003). The request does not define "regular and timely" according to the payment terms of the divorce decree and marital dissolution agreement. A copy of the marital dissolution agreement is attached to Mr. Duke's proof of claim, but the parties have not stipulated that it is a correct copy. A copy of the divorce decree apparently is not in the court's records, either in the debtor's bankruptcy case or this adversary proceeding, and the parties have not agreed upon a correct copy. Despite the unclear wording of this request, however, the defendants could have inquired of the debtor and made a qualified response

that may have eliminated some factual issues. The problem can best be cured by requiring both parties to act. The trustee will be allowed time to submit an amended request or requests, and the defendants will be allowed time to respond.

24.

> Request: The first month after her marriage to Darrel Crow Silvey the Debtor's payment to Clifford was late.
>
> Response: Neither admitted or denied. The Defendant is unable to determine the accuracy of this request. The term "late" is not defined or understood. No history of payments is provided.

The defendants argue that "late" must be defined for them to respond. If the divorce decree only required the debtor to make monthly payments, without any additional rules, then the monthly payment for a particular month was presumably "late" if not made in that month. This definition of "late" could have been part of the request. On the other hand, the divorce decree and marital dissolution agreement may have adopted different rules. The contents of those documents have not been established as the basis for this request, and the defendants have not admitted that the documents established a particular rule as to when a payment was due or would be considered late. With regard to request 24, the court's order will be the same as the order on request 23.

25.

> Request: The first month after her marriage to Darrel Crow Silvey the Debtor's payment to Clifford was late for the first time since she started making payments to him.
>
> Response: Neither admitted nor denied. The Defendant is unable to determine the accuracy of this request. The term "late" is not defined or understood. No history of payments is provided.

The court's reasoning with regard to request 24 applies to this request and response. The court will deal with the problem in the same way.

26.

Request: In the Statement of Financial Affairs filed in this case by the Debtor, the Debtor did not list the conveyance of a tenancy by the entireties to Darrel Crow Silvey.

Response: Neither admitted nor denied. The Debtor's schedules speak for themselves. The Defendant did not prepare the schedules nor did he review the schedules before the Debtor filed the bankruptcy proceeding.

28.

Request: In the Statement of Financial Affairs filed in this case by the Debtor, the Debtor did not list the conveyance to Dorothy Davis.

Response: Neither admitted nor denied. The Statement of Financial Affairs speak for themselves. The Defendant did not prepare the schedules nor did he review the schedules before the Debtor filed for bankruptcy.

30.

Request: In Schedule B filed in this case by the Debtor, the Debtor did not list the note payable to her and Darrel Crow Silvey by Dorothy Davis.

Response: Neither admitted nor denied. Schedule B speaks for itself. It is doubtful that the Debtor considered that there was any ownership interest by her in the note payable.

The last sentence of the responses to requests 26 and 28 is irrelevant since the requests do not suggest that either defendant condoned the alleged omissions or participated with the debtor in the making the alleged omissions; in other words, the requests do not imply that the defendants shared in the debtor's alleged intent to hinder, delay or defraud creditors.

The defendants' main response is that the schedules and the statement of financial affairs speak for themselves. That is not an adequate response. Again, the defendants do not argue that the statement of financial affairs and schedule B were not known to them and are not readily obtainable by making a reasonable inquiry. The requests do not require the defendants to examine or analyze voluminous records or complicated documents. *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (W. D. N. Y. 2003). The trustee or either defendant could take another approach; either one

could ask the court to take judicial notice of the schedules and the statement. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201; see, e.g., Rickel & Assoc., Inc. v. Smith (In re Rickel & Assoc., Inc.), 272 B.R. 74 (Bankr. S. D. N. Y. 2002); Northwestern Institute of Psychiatry, Inc. v. Travelers Indemn. Co. (In re Northwestern Institute of Psychiatry, Inc.), 268 B.R. 79 (Bankr. E. D. Pa. 2001); In re Blum, 255 B.R. 9 (Bankr. S. D. Ohio 2000); Smith v. Weissfisch (In re Muzquiz), 122 B.R. 56 (Bankr. S. D. Tex. 1990). The court could then examine them to determine whether the debtor listed the transfers or the note from Ms. Davis. On the other hand, if the defendants admit the debtor did not list the transfers or the note, that will save the parties and the court some effort. The defendants may prefer a different procedure that would make the underlying evidence – the schedules and the statement of financial affairs – part of the evidence. That is likely to occur anyway. This possible alternative procedure is not a good reason for the defendants to refuse to admit or deny the requests. The court will order the defendants to file an appropriate response based on their knowledge and the results of an inquiry to the debtor.

27.

Request: The Debtor was required to list the conveyance of a tenancy by the entireties to Darrel Crow Silvey in her Statement of Financial Affairs.

Response: The Defendant objects to this request as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

29.

Request: The Debtor was required to list the conveyance to Dorothy Davis in her Statement of Financial Affairs.

Response: The Defendant objects to this request as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

31.

Request: The Debtor was required to list the note payable from Dorothy Davis to her and Darrel Crow Silvey in Schedule B filed by her in this case.

> Response: The Defendant objects to request 31 as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

Rule 36 does not require a party to admit rules of law or legal conclusions not based on the facts of the dispute between the parties. On the other hand, Rule 36 allows a request that requires the answering party to apply the rules of law to the facts of the dispute being litigated. *Abbott v. United States*, 177 F.R.D. 92 (N. D. N. Y. 1997); *Disability Rights Council v. Washington Metropolitan Area Transit Authority*, 234 F.R.D. 1 (D. D. C. 2006); *S.A. Healy Company/Lodigiani USA, Ltd. v. United States*, 37 Fed.Cl. 204 (1997). These requests come within the second rule. They ask the defendants to apply the law to the facts of this case. Of course, these requests assume the defendants have admitted requests 26, 28, and 30 with regard to the debtor's failure to list the transfers and the promissory note. Thus, the defendants' responses to these requests will depend on their responses to requests 26, 28, and 30. That problem does not make these requests unanswerable. They are within the scope of Rule 36 and not subject to the defendants' objection.

The defendants have argued that complex legal issues are raised by the question of whether a particular transfer or alleged asset should have been listed. The court disagrees. The schedules and the statement of financial affairs ask specific questions that are not too difficult to understand. The requests to admit could have referred to specific questions in the statement of financial affairs, but that is not necessary. The defendants' lawyer has many years of experience in bankruptcy law, and with his help, the defendants should be able to admit or deny. The defendants can deny a request if there is a reasonable argument under bankruptcy law that the statement of financial affairs or the schedules did not require a transfer or the note to be listed, but the response must include their explanation.

The defendants have not raised the question of whether they should be required to admit or deny that a non-party, the debtor, failed to carry out a legal duty to file complete and accurate schedules and a statement of financial affairs. The defendants can qualify their answers on this point or raise the question later if they deem it necessary.

32.

Request: The conveyance of a tenancy by the entireties by the Debtor to Darrel Crow Silvey by the Deed set forth in Request to Admit # 18 was to an insider as set forth in T.C.A. § 66-3-305(b)(1).

Response: The Defendant objects to request 32 as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

33.

Request: After the conveyance of a tenancy by the entireties by the Debtor to Darrel Crow Silvey by the Deed set forth in Request to Admit # 18 the Debtor retained control of the property as set forth in T.C.A. § 66-3-305(b)(2).

Response: The Defendant objects to request 33 as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

34.

Request: The conveyance of a tenancy by the entireties by the Debtor to Darrel Crow Silvey by the Deed set forth in Request to Admit # 18 was a conveyance of substantially all of the Debtor's assets as set forth in T.C.A. § 66-3-305(b)(5).

Response: The Defendant objects to request 34 as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

35.

Request: As a result of the conveyance of a tenancy by the entireties interest by the Debtor to Darrel Crow Silvey by the Deed set forth in Request to Admit # 18 the Debtor became insolvent as set forth in T.C.A. § 66-3-305(b)(9).

Response: The Defendant objects to request 35 as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

36.

Request: At the time of the conveyance of a tenancy by the entireties interest by the Debtor to Darrel Crow Silvey by the Deed set forth in Request to Admit # 18 the debtor was insolvent as set forth in T.C.A. § 66-3-305(b)(9).

Response: The Defendant objects to request 36 as calling for a legal conclusion and is beyond the scope of Bankruptcy Rule 7036.

These requests ask the defendants to admit legal conclusions based on largely unstated facts. For example, request 32 indirectly asks the defendants to admit that Mr. Silvey was the debtor's husband at the time of the transfer, and as a result he was a relative and an insider under Tenn. Code Ann. § 66-3-302(7)(A), (11). Request 33 asks the defendants to admit unstated facts that would amount to continuing control of the property by the debtor within the meaning of the Tennessee statute, which does not define control. Request 34 asks the defendants to admit unstated facts to support the legal conclusion that the transfer to Mr. Silvey was a transfer of substantially all of the debtor's assets. The same is true with regard to requests 35 and 36. They ask the defendants to admit an unstated version of underlying facts that would satisfy one of the definitions of insolvency in the Tennessee statutes.

The defendants' objection may not be exactly the right objection; the requests ask for legal conclusions based on the facts of this case, as allowed by Rule 36. The problem is that the requests leave the facts unsettled except for those already admitted by the defendants, which do not include all the facts needed to answer these requests. The defendants could have honestly and in good faith denied or objected to these requests on the ground that they dispute the trustee's unstated version or versions of the underlying facts. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S. D. N. Y. 1997); *Booth Oil Site Administrative Group v. Safety-Kleen Corp.*, 194 F.R.D. 76 (W. D. N. Y. 2000); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co.*, 130 F.R.D. 92 (N. D. Ind. 1990). The court will not compel the defendants to answer these admissions or treat the facts as admitted. The trustee will be allowed time to submit new requests on these subjects.

37.

Request: Darrel Crow Silvey and Maria Duke executed a Prenuptial Agreement on April 23, 2004.

Response: Admitted.

38.

Request: Paragraph E of the Prenuptial Agreement set forth in Request to Admit # 37 states, "Husband and Wife each desire to keep free from

>any claim of the other by virtue of their forthcoming marriage, all of his or her separate property presently owned."
>
>Response: Neither admitted nor denied. The Prenuptial Agreement speaks for itself.

Requests 39 through 42 set out provisions of the prenuptial agreement, and the defendants make the same response.

The defendants have access to the prenuptial agreement since Mr. Silvey is one of the parties to it. Requests for admissions may not be the most efficient method of putting the terms of the prenuptial agreement into evidence without a dispute. But this use of requests has been accepted by other courts. The "speaks for itself" response is not acceptable. *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73 (W. D. N. Y. 2003); *Miller v. Holzmann*, 240 F.R.D. 1 (D. D. C. 2006); *Booth Oil Site Administrative Group v. Safety-Kleen Corp.*, 194 F.R.D. 76 (W. D. N. Y. 2000). The court will order the defendants to file responses admitting or denying these requests based on Mr. Silvey's knowledge.

### Other Issues

This concludes consideration of the particular requests. The defendants may question why the court has not distinguished between defendants Mr. Silvey and Silvey Sheet Metal. The trustee submitted the same requests to each defendant and received the same responses. The defendants filed the same response to the trustee's motion to compel. The defendants have not denied that Silvey Sheet Metal has a duty under Rule 36 to inquire of Mr. Silvey. Silvey Sheet Metal should be treated as having knowledge of facts that Mr. Silvey knows. Likewise, when information is readily obtainable by Mr. Silvey as the result of a reasonable inquiry, including an inquiry to the debtor, then the information is readily obtainable by Silvey Sheet Metal as the result of a reasonable inquiry to Mr. Silvey.

The defendants objected to the definitions used in the requests to the extent they are not consistent with Rule 36. The defendants' responses are in the record, but the court has not seen the definition section of the requests. As a result, the court makes no ruling on this objection.

The defendants objected to the requests on the ground that they ask for the responses to be under oath, but Rule 36 does not require it. Rule 34 requires answers to interrogatories to be made under oath, but Rule 36 does not require answers to requests to be under oath. Fed. R. Bankr. P. 7033 & 7036; Fed. R. Civ. P. 33(b) & 36. The reason for seeking an admission is to eliminate a factual dispute from those to be resolved by trial. An oath might serve the same purpose that an oath always serves, encouraging honest answers. Rule 36, however, sets out the standards for a sufficient answer, and the court can determine the effect of an insufficient answer. In particular, the court can treat the matter as admitted and require the responding party to pay the requester's expenses. Many of the defendants' responses were based on technical points regarding the statement of the request. Those responses and the parties' arguments over them reveal why requiring answers to be under oath is not likely to help produce the answers desired by the requester. The court is aware of old cases holding that answers to requests for admissions should be under oath, but since the requirement is not in Rule 36, the court will not impose it.

The trustee's motion does not request expenses of the motion under Rule 36(a) and Rule 37(a)(4). Fed. R. Bankr. P. 7036 & 7037; Fed. R. Civ. P. 36(a) & 37(b)(4). The rules did not require the trustee to include the request in the motion. This memorandum opinion and the order are not intended to deny the trustee's possible right to recover. Likewise, the possible recovery of expenses under Rule 37(c) depends on future events and is not dealt with by this opinion and the resulting order. Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37(c).

###